UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Steve Merchant

    v.                                                                   Civil No. 09-cv-231-PB

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility et al.[1]

**O R D E R**

Before the Court is Steve Merchant's complaint (document no. 1) alleging that his Eighth Amendment right to adequate medical care while in the custody of the New Hampshire Department of Corrections ("NHDOC") has been violated by the defendants. The matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to conduct preliminary review of cases filed by prisoners).

---

[1] In addition to Larry Blaisdell, Merchant has also named the following defendants to this action: New Hampshire Department of Corrections ("NHDOC") physician Dr. Celia Englander, NHDOC Nurse Practitioner Judy Baker, and NHDOC Medical Director Dr. Robert McLeod.

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  Pleadings filed pro se must be held to "less stringent standards than formal pleadings filed by lawyers."  Erickson, 551 U.S. at 94 (quoting Estelle, 429 U.S. at 106).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). While legal conclusions are not entitled to the presumption of truth, for purposes of determining if the allegations have "nudged" the claims "across the line from conceivable to

plausible," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1951 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the court must accept as true the plaintiff's factual assertions and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Steve Merchant is an inmate at the NHDOC's Northern New Hampshire Correctional Facility ("NCF"). Merchant was born with familial paraplegia, a disability that makes it difficult for him to walk at all, and impossible to walk without pain.

On January 4, 2009, Dr. Celia Englander, an NHDOC physician, took Merchant off all of his pain medication. Merchant further claims that NHDOC Nurse Practitioner Judy Baker has refused to provide him with any medical treatment at all for his disability since that time. As a result of the discontinuation of his pain medication, Merchant has suffered unnecessary pain and other unspecified complications of his disability.

Merchant states that on March 3, 2009, he filed a grievance regarding the denial of medical care with Dr. Robert MacLeod, the

NHDOC Medical Director.  When he received no relief from Dr. MacLeod, Merchant appealed his grievance up the chain of command, presumably first to NCF Warden Larry Blaidsdell,[2] and then to NHDOC Commissioner William Wrenn.[3]  Receiving no relief in response to his grievances, Merchant filed suit in this Court alleging a deprivation of his Eighth Amendment right to adequate medical care during his incarceration.  Merchant seeks declaratory relief and an Order from this Court directing the reinstatement of his medical treatment, including necessary medications.

---

[2]Merchant does not explicitly state that he grieved this matter to Blaisdell before filing a grievance with the NHDOC Commissioner.  Merchant alleges, however, that he ultimately filed a grievance with NHDOC Commissioner William Wrenn, who is not named as a defendant here.  Such a grievance is usually undertaken only after the Warden of the correctional facility has denied relief.  I can reasonably infer, therefore, that Merchant's naming of Blaisdell as a defendant, and not otherwise implicating Blaisdell in the narrative of the complaint, indicates that he did file a grievance with Blaisdell, that Blaisdell denied him relief, and that he then filed a grievance with Wrenn.  I will therefore construe the complaint as naming both Blaisdell and Wrenn as defendants to this action, as Merchant complains that his rights have been violated by the denial of his grievances to both of those individuals.

[3]The complaint names Henry Risley as the NHDOC Commissioner.  Risley is no longer Commissioner of the NHDOC.  William Wrenn was the NHDOC Commissioner in March 2009 when Merchant claims he utilized the NHDOC grievance procedures.

Discussion

I.  42 U.S.C. § 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983[4]; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, he or she must be acting under color of state law, and his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Merchant's claims allege violations of federal constitutional law by state actors, his suit arises under § 1983.

---

[4] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

II.   Inadequate Medical Care Claim

To assert a viable cause of action for constitutionally inadequate medical care, a prisoner must first allege that he has not been provided with adequate care for a serious medical need. See Farmer v. Brennan, 511 U.S. 805, 831 (1994); Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle, 429 U.S. at 106.  The prisoner must also allege that a responsible prison official was aware of his serious medical need or the facts from which such a need could be inferred, and still failed to provide treatment. See Estelle, 429 U.S. at 106.

"[A]dequate medical care" is treatment by qualified medical personnel who provide services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular medical needs, and that are based on medical considerations.  See United States v. DeCologero, 821 F.2d 39, 42–43 (1st Cir. 1987).  This does not mean that an inmate is entitled to the care of his or her choice, simply that the care must meet minimal standards of adequacy. See Feeney v. Corr. Med. Servs., 464 F.3d 158, 162 (1st Cir. 2006) ("When a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a

dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." (internal citations omitted)).

Deliberate indifference may be found where the medical care provided is "so clearly inadequate as to amount to a refusal to provide essential care."  Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991).  Constraints inherent in a prison setting may affect the choice of care provided and may be relevant to whether or not prison officials provided inadequate care with a deliberately indifferent mental state.  Wilson v. Seiter, 501 U.S. 294, 302 (1991).

A serious medical need is one that involves a substantial risk of serious harm if it is not adequately treated.  See Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); Kosilek v. Maloney, 221 F. Supp. 2d 156, 180 (D. Mass. 2002) (citing Farmer, 511 U.S. at 835-47); see also Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining a serious medical need as one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal citations omitted)).

To state an Eighth Amendment claim, a prisoner must allege facts sufficient to demonstrate that prison officials "have a 'sufficiently culpable state of mind.' In prison conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (internal citations omitted).

Here, Merchant has alleged that he entered the prison with a congenital disability that made it difficult for him to walk and impossible to walk without pain.  Dr. Englander was treating Merchant for this serious medical condition by prescribing pain medication.  According to the complaint, Dr. Englander stopped Merchant's pain medication on January 4, 2009.  Merchant received no medical treatment for his condition, familial paraplegia, or the pain resulting from his condition, from either Dr. Englander or Nurse Baker.  As a result, Merchant alleges he suffered serious pain and unnecessary complications of his disabling condition.  I find that, although the narrative is scant on detail, Merchant has stated sufficient facts to allege that he has a serious medical condition and a need for treatment for that serious medical condition.  Merchant has further alleged that NHDOC medical personnel were deliberately indifferent in that

they were aware of his condition and failed to provide any treatment to him since January 4, 2009.  For purposes of preliminary review, I find that Merchant has stated the minimum facts necessary to allege a claim for the denial of adequate medical care by Dr. Englander and Nurse Baker, in violation of the Eighth Amendment.

III. Supervisory Liability

Jail officials have an obligation under the Eighth Amendment to protect inmates from prison officials acting with deliberate indifference to their serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 831 (1994); Hudson v. McMillian, 503 U.S. 1, 7 (1992).

Mere knowledge of the constitutional misdeeds of a subordinate does not, without more, give rise to a supervisor's liability for that conduct in a § 1983 action, where the underlying constitutional violation requires proof of the subordinate's purposeful action.  See Iqbal, 129 S.Ct. at 1949 (discussing contours of liability for officials charged with Equal Protection violations arising from superintendent responsibilities).  The First Circuit, following Iqbal, held that:

> [S]upervisory liability lies only where an
> affirmative link between the behavior of a
> subordinate and the action or inaction of his
> supervisor exists such that the supervisor's
> conduct led inexorably to the constitutional
> violation. Further, supervisory liability under a
> theory of deliberate indifference will be found
> only if it would be manifest to any reasonable
> official that his conduct was very likely to
> violate an individual's constitutional rights.

<u>Maldonado v. Fontanes</u>, 568 F.3d 263, 275 (1st Cir. 2009) (internal quotations and citations omitted). A supervisor is not deliberately indifferent, for purposes of § 1983 liability, if he or she is alleged merely to have been present for, or otherwise obtains knowledge of, the wrongdoing of a subordinate, or if the supervisor promulgated a policy that does not, on its face, direct or condone the wrongful conduct of subordinates. <u>Id.</u>

Merchant alleges that, by utilizing the NHDOC grievance process, he alerted defendants MacLeod, Blaisdell, and Wrenn, NHDOC supervisors who were responsible for insuring that all NHDOC inmates receive constitutionally adequate medical care, to the inadequacies in his medical care. Merchant alleges that Blaisdell, Wrenn and MacLeod, all supervisors for the medical department staff members directly responsible for providing his inadequate medical care, were more than merely aware of the inadequacies in Merchant's medical treatment. The supervisors,

by virtue of being the deciding officials in the NHDOC grievance process, are charged with the obligation, and given the concomitant opportunity, to remedy NHDOC staff members' failure to provide adequate medical care.  This is particular true where, as here, the supervisors' failure to remedy or correct the denial of adequate medical care could be reasonably understood by medical care providers to amount to condonation of their failure to provide treatment.  Where, as here, the issue is denial of medical care for a medical condition, and pain that is ongoing, supervisory approval of the medical staff's actions can be understood to lead inexorably to a continuing or future violation of an inmate's right to adequate medical care.  See id.

   Merchant states that he grieved the inadequacy of his medical treatment to MacLeod, to Blaisdell, and then on to Wrenn.  These supervisory officials, by doing nothing, led Merchant to continue to receive inadequate medical care.  Accordingly I find that, for purposes of preliminary review, Merchant has stated sufficient facts to state claims against the supervisory defendants for their deliberate indifference to, and denial of adequate medical care for, his serious medical needs.

IV. <u>Injunctive Relief</u>

Merchant requests declaratory and injunctive relief in this matter. Merchant has specifically requested that this Court order that his "needed medication" be reinstated by NHDOC officials. I will not consider particular remedies at this juncture. If Merchant seeks a preliminary injunction directing the defendants to place him on pain medication or otherwise provide him with adequate medical care during the pendency of this matter, he should do so by filing a separate request for preliminary injunctive relief.

<u>Conclusion</u>

As I find that plaintiff has stated claims upon which relief may be granted against defendants Englander, Baker, MacLeod, Blaisdell, and Wrenn, I order the complaint (document no. 1) to be served on those defendants. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of this order and the complaint (document no. 1). <u>See</u> LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized

the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   October 15, 2009

cc:     Steve Merchant, pro se

JM:jba